FILED
SUPERIOR COURT
OF GUAM

2020 OCT 28 AM 8: 59

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>ANTHONY MICHAEL MANSAPIT aka<br>"Tony" aka "Ton",<br><br><br><br>Defendant. | CRIMINAL CASE NO. CF0532-20<br><br>DECISION AND ORDER |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on October 23, 2020, for remote hearing on Defendant Anthony Michael Mansapit aka "Tony" aka "Ton"'s ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50 for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present via videoconference from the Department of Corrections; Assistant Public Defender Alisha Molyneux, counsel for Defendant, was present via Zoom; and Assistant Attorney General Richelle Canto was present on behalf of the People of Guam ("the Government") via Zoom. In accordance with its ruling from the bench on October 23, 2020, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

Defendant is charged with one count of Family Violence (As a Third Degree Felony); two counts of Terrorizing (As a Third Degree Felony); and one count of Child Abuse (As a

*People v. Mansapit*
Case No. CF0532-20
Decision and Order

Misdemeanor). (Magistrate's Compl., Oct. 8, 2020). These charges stem from allegations that on or about October 7, 2020, Defendant assaulted his girlfriend, Ms. Geenica J. Acosta, after an argument. (Decl. of Renaida Z. San Nicolas, Magistrate's Compl., Oct. 8, 2020). Ms. Acosta did not want to continue arguing and went back into the residence. *Id.* Defendant followed her and continued to yell at her. *Id.* When she told Defendant to leave her alone, Defendant pushed her hard that she had to step back a couple of yards. *Id.* Defendant then grabbed her neck with his right hand and pushed her down onto the bed. *Id.* Ms. Acosta kept trying to push him off of her, and when she was able to escape his grasp, she got up and grabbed one of her children. *Id.* Defendant pushed her again and choked her while pushing her down on the bed. *Id.* Ms. Acosta again tried pushing Defendant off of her, and after a few seconds Defendant let go and went outside. *Id.* Ms. Acosta then called 911 because she was afraid to go outside and remained in the house until the police arrived. *Id.* Throughout the incident, minor children were present in the same room; they closed their ears and were yelling for help. *Id.* Defendant yelled at them to stay where they were and threatened otherwise to "stab you guys and your mom!" *Id.* GPD Officer Ascura who responded to the scene conducted an injury check and noted that Ms. Acosta had redness to her neck area and a small scratch on her cheek.

On October 20, 2020, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $3,000 cash bail. *See* Commitment Order, Oct. 8, 2020. The Government did not file a response to the Motion for Bail Redetermination.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollar ($3,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Oct. 20, 2020.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a

substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

    (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

    (2) the history and characteristics of the person charged, including:

        (i)     length of his/her residence on Guam;

        (ii)    his/her employment status and history, and financial condition;

        (iii)   his/her family ties and relationships;

        (iv)   his/her reputation, character and mental and physical condition;

        (v)    his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

        (vi)   his/her history relating to drug or alcohol abuse;

        (vii)  the identity of the reasonable members of the community who will vouch for his/her reliability;

        (viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

        (ix)   his/her history of compliance with other court orders;

    (3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

    (4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

    (a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

    (b) placement of restrictions on the activities, movements, associations and residence of the person;

    (c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a United States citizen who is a lifelong resident of Guam; has many social and familial contacts on Guam; and does not have the means or resources to flee the jurisdiction. (Mot. Bail Redetermination at 4, Oct. 20, 2020). Defendant states that he will stay away from the alleged victims until otherwise ordered by the Court and is the sole provider for his family. *Id.* Defendant acknowledges his pre-trial matter CF0543-19 and that while he does have violations, that "many were due to a medical surgery and recovery that he underwent." *Id.*

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and Defendant's ability to exert self-control. Defendant has prior criminal history involving the charges of family violence and terrorizing, and a current pre-trial criminal case, CF0543-19, whereby he is charged with Possession of a Schedule II Controlled Substance (As a Third Degree Felony). Further, the Court is concerned with the seriousness of the allegations that form the basis of this matter, which only recently occurred. Defendant is alleged to have pushed Ms. Acosta onto the bed while choking her in front of several minor children, and subsequently yelling threats at the children. (Decl. of Renaida Z. San Nicolas,

Magistrate's Compl., Oct. 8, 2020). Strangulation is one of the most lethal forms of domestic violence, and the facts allege indicate a pattern of abuse whereby Defendant choked the alleged victim and obstructed her airway. *Id.*

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination.

**IT IS SO ORDERED,** this 23rd day of October, 2020.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
_AG, PDSC_

Date:_10/28/20_ Time: _8:58am_

_____
Deputy Clerk, Superior Court of Guam

*People v. Mansapit*
Case No. CF0532-20
Decision and Order